UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SAMIR ALMUDHAFER,<br>   Plaintiff,<br><br>  v.<br><br>SPOTSYLVANIA VOLUNTEER<br>RESCUE SQUAD, *et al.*,<br>   Defendants. | Civil Action No. 3:25CV1057 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on *pro se* Plaintiff Samir Almudhafer's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application")[1] and accompanying 126-page[2] proposed Complaint. Based on the financial information contained in Plaintiff's IFP Application, the Court will grant Plaintiff leave to proceed IFP but dismiss the Complaint for non-compliance with Federal Rule of Civil Procedure 8; it will further order that Plaintiff show cause why the action should not be dismissed in its entirety.

### I. LEGAL STANDARD — § 1915 SCREENING & RULE 8

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro*

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

[2] The pages are themselves unnumbered (beyond the numbering assigned by the Court's CM/ECF system) and appear out of order, *see, e.g.*, Compl. pp. 114 (appearing to be the end of a signature block) and 115 (resuming with a partial paragraph and next numbered paragraph of 191), so the Court is unable to discern—without an expenditure of time such as Rule 8 is designed to prevent—whether there are indeed 126 discrete pages or whether there was some error in copying such that there are some repeated pages among the file.

*se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a *pro se* complaint is "to be liberally construed"[3] and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), such deference "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *overruled on other grounds by Britt v. Dejoy*, 45 F.4th 790, 795–96 (4th Cir. 2022). Nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For its part, Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment of a pleading be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). "District judges are not mind readers," nor is their role to serve as "an advocate seeking out the strongest arguments and most successful strategies for a [*pro se*] party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Without the guardrails of Rule 8, courts would be left to expend precious judicial resources sifting through narrative and hyperbole in an effort to identify and address the points a litigant endeavors to make, while also working to avoid the improper task of devising arguments on behalf of the

---

[3] The Court notes that *Erickson*'s liberal-construction requirement for *pro se* pleadings predates the advent of artificial intelligence ("AI") drafting tools, which are being used with increasing prevalence by *pro se* parties, in particular. *See Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24-CV-874 (REP), 2025 U.S. Dist. LEXIS 104564, at *19–24 (E.D. Va. June 2, 2025) (collecting cases to illustrate the growing issue and accompanying concerns). Such tools both increase *pro se* litigants' ability to draft voluminous pleadings and increase the odds that such pleadings contain fractured assertions and "hallucinated" legal propositions, which courts must wade through in construing claims. *Id*. While its analysis does not ultimately turn on this point, the Court notes that Plaintiff's Complaint carries the hallmarks of AI drafting assistance, *see* Compl. p. 124 ("Prayer for Relief is stated after all counts below, *following the user's instruction for a comprehensive demand*." (emphasis added)), and it respectfully proposes that the time may be near for an exception to the *Erickson* liberal-construction rule, where a *pro se* individual relies on AI to draft pleadings and thus blurs the line between what is a good faith *pro se* assertion of an actionable claim and what is a computer generated morass that only serves to waste court time and resources.

overly verbose litigant.  *See Powhatan Cnty. Sch. Bd.*, 2025 U.S. Dist. LEXIS 104564, at *20–21; *Holsey v. Collins*, 90 F.R.D. 122, 124, 129 (D. Md. 1981) (dismissing voluminous complaint and accompanying supplemental filings where potentially cognizable claims were "obscured . . . by the employment of a 'shotgun pleading' technique," and, in the interest of judicial economy, directing the *pro se* plaintiff to file an amended complaint "to eliminate the blunderbuss allegations so that his possibly meritorious claims can be reached").

## II.   ANALYSIS

Plaintiff's Complaint is subject to dismissal for violating Federal Rule of Civil Procedure 8.  Plaintiff's Complaint contains no "short and plain statement," nor is it "concise and direct." Instead, the shuffled pages, convoluted and redundant narratives, and intersecting legal and doctrinal conclusions asserted by the Plaintiff give rise to a landscape where, to determine the viability of Plaintiff's claims, the Court would have to engage in the improper task of articulating essential elements and devising arguments on Plaintiff's behalf.  *Beaudett*, 775 F.2d at 1278; *Powhatan Cnty. Sch. Bd.*, 2025 U.S. Dist. LEXIS 104564, at *20–21.   Plaintiff's Complaint is accordingly subject to dismissal on this ground alone.

## III.   CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's IFP Application but dismiss the Complaint for its failure to adhere to Rule 8 and provide a short, plain, and discernable statement of the claims.   In deference to Plaintiff's *pro se* status, however, the Court will not yet dismiss this action.   Instead, Plaintiff will be ORDERED to SHOW CAUSE why this action should not be dismissed by filing an Amended Complaint addressing the deficiencies noted.

An appropriate Order articulating the rulings from this Memorandum Opinion will issue.

Date: January 7, 2026
Richmond, Virginia

/s/ RCY
Roderick C. Young
United States District Judge